UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMAAL MOBLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-cv-246 |
| | ) |
| EAGLE SITE SERVICES LLC | ) |
| and BRUCE M. RACKOUSKI | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff Jamaal Mobley ("Mobley") brings this action against Eagle Site Services ("Eagle") and Bruce M. Rackouski ("Rackouski") (together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute I.C. § 22-2-5 *et seq.* Defendants violated the FLSA by failing to pay Mobley the minimum wage required under federal law and by failing to pay Mobley the overtime premium required under federal law. Defendants violated Indiana law by failing to timely pay Mobley his earned wages.

## PARTIES

2. Mobley is an individual who resides in Punta Gorda, Charlotte County, Florida. Mobley was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter

mentioned, Mobley was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Rackouski is an owner, member and/or officer of Eagle. In this capacity, Rackouski is involved in the day-to-day business operations of Eagle. Rackouski has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage and overtime violations alleged in this Complaint. At all relevant times, Rackouski acted and had responsibility to act on behalf of, and in the interests of, Eagle in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage and overtime issues raised in this lawsuit. At all relevant times, Rackouski was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Eagle is an Indiana limited liability with its principal place of business located in Lake County, Indiana. Eagle acted, directly or indirectly, in the interest of an employer with respect to Mobley. Eagle is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Mobley brings claims arising under federal law. This Court has supplemental jurisdiction over Mobley's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391.

## **FLSA COVERAGE**

7.	At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.	At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9.	At all times hereinafter mentioned, Mobley was an employee engaged in commerce or in the production of goods for commerce.

## **FACTS**

10.	Defendants own and operate a business providing water meter installation and service with their principal place of business located at 8509 E. 101st Ave, Crown Point, Indiana 46037.

11.	Defendants employed Mobley from approximately May 21, 2019 to June 12, 2019 as a Team Leader.

12.	Mobley traveled and performed work for Defendants at various locations in North Carolina, South Carolina and Georgia.

13.	Throughout his employment, Defendants paid Mobley a base hourly rate of pay of $18.00 per hour.

14.     Mobley voluntarily terminated his employment with Defendants on June 12, 2019.

15.     Throughout his employment with Defendants, Defendants paid Mobley on a weekly basis. Defendants seven-day pay period runs from Monday to Sunday and Defendants usual and regular day for payment of wages is every Friday.

16.     Mobley was not exempt from the minimum wage and overtime provisions of the FLSA.

17.     At the time Mobley's employment with Defendants ended, Mobley was owed but has not received, payment of his earned wages.

18.     At the time Mobley's employment ended, Mobley was owed payment for his last two pay periods worked for Defendants.

19.     Specifically, for the workweek and pay period from June 3, 2019 to June 9, 2019, Mobley worked hours in excess of forty (40) in a single workweek.  Defendants were required to have paid Mobley his earned wages for this pay period on or before June 14, 2019.  As of the date of this filing, Defendants have paid Mobley no wages for his hours worked between June 3, 2019 and June 9, 2019.

20.     Also, for the workweek and pay period from June 10, 2019 to June 16, 2019, Mobley worked three days of approximately 4 to 9 hours per day.  Defendants were required to have paid Mobley his earned wages for this period on or before June 21, 2019.  As of the date of this filing, Defendants have paid Mobley no wages for his hours worked between June 10, 2019 and June 16, 2019.

21.     Defendants have refused to pay Mobley his wages earned for his final two pay periods.

22.     By refusing to pay Mobley any earned wages for his hours worked in excess of forty (40) for the workweek of June 3, 2019 to June 9, 2019, Defendants did not pay Mobley the overtime premium required by the FLSA.

23.     By refusing to pay Mobley any earned wages for his hours worked during his final two pay periods, Defendants did not pay Mobley the minimum wage required by the FLSA.

24.     By refusing to pay Mobley all his earned wages for his final two pay periods, Defendants have failed to timely pay Mobley his earned wages in accordance with Indiana law.

25.     In response to Mobley's requests for payment of his earned wages, on Friday, June 14, 2019 Rackouski sent Mobley the following email message:

> Payday is Friday we pay sometime during that day every week.
> In  over 50 Years of working . I have never seen such a useless worthless inconsiderate manipulating individual as you ( with the exception of Lee).
> I  put a great deal of faith in you and you failed me your family and everyone else ridiculously.. I don't feel you were  of any value to us in any manner. In fact I  feel you owe us for wasting so much of our time on a complete looser like you. No one can attest to you doing anything productive on our behalf.  If you accomplished anything in what little time you actually might have done something we have no way of knowing. You stole our truck made us spend time calling police and sending men to retrieve the truck in addition charged on our charge card  without permission, lied to us about your location and intention, this is on no one else but you. . Please remit the charges on our company credit card of 605.00 and $ 600 for the time spent by us and our employees retrieving the truck you took without our authorization, you stole our computer 350.00 and dozens of receipts missing.( That you agreed on the first form you signed to have taken out of your pay if we didn't receive them). If at that point there is anything else due you we will immediately send a check... We will settle for $1550.00 Total due from you today. You can pay us by whatever form you choose. You are definitely out of both of our lives and you will be blocked from all forms of communication. Its just a shame we wasted our time with a looser like you. Please send remittance. Just go back to the life and what you were doing before you met us you should be ashamed of yourself..Such a terribly sad useless lying individual. Other

employees will be compensate according to their recorded time sometime on Friday as agreed.

Eagle Site Services
Bruce M Rackouski

26.     As of the date of this filing, Defendants have not paid Mobley any wages for his final two pay periods worked for Defendants.

27.     To the extent Defendants believe they may withhold Mobley's wages or make deductions from Mobley's wages based on the allegations in the email above, Defendants are wrong.  Pursuant to Indiana's Wage Assignment Statute, I.C. 22-2-6-2, Defendants are only permitted to make deductions from Mobley's wages under 16 defined circumstances. [See I.C. 22-2-6-2(b)(1) – (16)]  Further, Defendants are only permitted to make any of those 16 deductions in the event that Defendants have a valid wage assignment form from Mobley.  [See I.C. 22-2-6-2(a)].  Therefore, any purported deductions from Mobley's earned wages are not permissible under the Indiana Wage Assignment Statute.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28.    Mobley hereby incorporates by reference Paragraphs 1 – 27 of this Complaint.

29.    During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 206 by failing to comply with the minimum wage requirements of the FLSA.

30.    During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 207 by failing to comply with the overtime

requirements of the FLSA. Specifically, Defendants have failed to pay Mobley one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a single workweek.

31. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Mobley as protected by the FLSA.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.*

32. Mobley hereby incorporates by reference Paragraphs 1 – 31 of this Complaint.

33. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-5 *et. seq.* by failing to timely pay Mobley's wages.

34. Defendants' refusal to timely pay Mobley his earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Mobley respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Mobley, in addition to liquidated damages equal in amount to the unpaid compensation due to Mobley;

b. An Order pursuant to I.C. §§ 22-2-5 *et. seq.* finding Defendants liable for unpaid earned wages due to Mobley, plus liquidated damages double in amount of the unpaid wages found due to Mobley;

c. An Order awarding Mobley costs of this action;

    d.    An Order awarding Mobley reasonable attorney's fees;

    e.    A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

    f.    An Order granting such other and further relief as may be necessary and appropriate.

    Respectfully Submitted,

    s/Robert J. Hunt
    Robert J. Hunt, (#30686-49)
    Robert F. Hunt (#7889-84)
    The Law Office of Robert J. Hunt, LLC
    1905 South New Market Street, Suite 220
    Carmel, Indiana 46032
    Telephone:  (317) 743-0614
    Facsimile:  (317) 743-0615
    E-Mail:  rob@indianawagelaw.com
            rfh@indianawagelaw.com

    Attorneys for Plaintiff